# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:21-cv-22214-GAYLES

**ELKTON LONGJAW GERONIMO, JR.**,

    Plaintiff,

v.

**FERNANDO AENLLE ROCHA**,

    Defendant.
_____/

## ORDER

**THIS CAUSE** comes before the Court on a *sua sponte* review of the record. On June 16, 2021, Plaintiff Elkton Longjaw Geronimo, Jr., appearing *pro se,* filed his "Emergency Motion under United States Statutes, Federal Rules of Your Constitution and Mandamus of any Human Citizen or/who Live under North America U.S.A. Jurisdiction Since 1979" and Motion to Proceed *in forma pauperis* (the "Emergency Motion") [ECF No. 1].[1] Because Plaintiff has not paid the required filing fee, the screening provisions of the Prison Litigation Reform Act, 28 U.S.C. § 1915(e), apply. Under those screening provisions, the Court must dismiss a case if it determines that "the action or appeal[] (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Upon an initial screening, the Court finds that Plaintiff's Emergency Motion fails to state a claim upon which relief may be granted.

---

[1] The Court liberally construes the Emergency Motion because Plaintiff is proceeding *pro se*. *Winthrop-Redin v. United States*, 767 F.3d 1210, 1215 (11th Cir. 2014) ("[Courts] liberally construe *pro se* filings . . . ." (citation omitted)).

"The standards that govern a dismissal under Federal Rule of Civil Procedure 12(b)(6) apply" to a dismissal under Section 1915(e)(2)(B)(ii). *Douglas v. Yates*, 535 F.3d 1316, 1319–20 (11th Cir. 2008). To state a claim for relief, a pleading must contain: "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Fed. R. Civ. P. 8(a). "A complaint fails to state a claim if it fails to plead 'enough facts to state a claim to relief that is plausible on its face.'" *Smith v. Att'y Gen.*, 637 F. App'x 574, 574 (11th Cir. 2016) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In addition, "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

"*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (citation omitted). This, however, "does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Odion v. Google Inc.*, 628 F. App'x 635, 637 (11th Cir. 2015) (citations and internal quotation marks omitted). "When it appears that a *pro se* plaintiff's complaint, if more carefully drafted, might state a claim, the district court should give the *pro se* plaintiff an opportunity to amend his complaint instead of dismissing it." *Humphrey v. Sec'y, U.S. Dep't of Homeland Sec.*, 597 F. App'x 571, 573 (11th Cir. 2014) (citation omitted).

There are several fatal flaws with Plaintiff's Emergency Motion that require that it be denied. First, the Emergency Motion, with exhibits, spans about 200 pages and includes profanities, nonsensical or immaterial statements, and vague accusations. Second, from what the Court can gather from the Emergency Motion, Plaintiff is requesting the return of certain legal

2

documents and that his conviction be overturned. However, the Court cannot discern a single legal claim or argument in the Emergency Motion, nor is it the Court's responsibility, "[n]otwithstanding the pleading leniency afforded to *pro se* plaintiffs, . . . to discover claims for relief." *Geronimo v. Moskowitz*, No. 16-CIV-23533, 2016 WL 4479391, at *1 (S.D. Fla. Aug. 25, 2016). Because the Emergency Motion does not include any actionable legal arguments or claims, it must be dismissed.[2]

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff Elkton Longjaw Geronimo, Jr.'s "Emergency Motion under United States Statutes, Federal Rules of Your Constitution and Mandamus of any Human Citizen or/who Live under North America U.S.A. Jurisdiction Since 1979", [ECF No. 1], is **DENIED without prejudice**.

2. Plaintiff Elkton Longjaw Geronimo, Jr.'s Motion to Proceed *in forma pauperis*, [ECF No. 1], is **DENIED without prejudice**.

3. This case is **CLOSED**.

**DONE AND ORDERED** in Chambers in Miami, Florida, this 23rd day of June, 2021.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE

---

[2] The Court notes that Plaintiff has filed a multitude of similar actions in this district. *See Geronimo v. Rocha et al.*, Case No. 15-CIV-20577-CMA; *Geronimo v. United States*, Case No. 15-CIV-22258-DTKH; *Geronimo v. Rocha et al.*, Case No. 15-CIV-24589-JEM; *Geronimo v. Fla. State Ct. et al.*, Case No. 15-CIV-24591-CMA; *Geronimo v. Rocha et al.*, Case No. 15-CIV-24653-DPG; *Geronimo v. Moskowitz et al.*, Case No. 16-CIV-23533-MGC; *Geronimo v. Rocha et al.*, Case No. 16-CIV-25181-CMA; *Geronimo v. United States*, Case No. 17-CIV-24702-DTKH; *Geronimo v. Rocha et al.*, Case No. 19-CIV-25289-UU.